U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 24 2014

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LAWRENCE ALAN HABERMAN | § | |
| | § | |
| VS. | § | NO. 4:13-CV-1017-A |
| | § | (NO. 4:07-CR-188-A(01)) |
| UNITED STATES OF AMERICA | § | |
| | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the above-captioned action wherein plaintiff, Lawrence Alan Haberman, seeks the return of seized and forfeited property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. After reviewing the complaint, the court concludes that it fails to state a claim upon which relief may be granted, and should be dismissed.

I.

Background and Grounds of the Complaint

On February 1, 2008, plaintiff pleaded guilty to criminal forfeiture and conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine. On March 4, 2008, the court entered a preliminary order of forfeiture directing that plaintiff forfeit the sum of $20,000,000 and the forfeiture of the specific financial accounts, seized cash, and real property, the total of which was to be deducted from the

$20,000,000 total. On May 20, 2008, the court sentenced plaintiff to a term of imprisonment of 360 months, to be followed by a five-year term of supervised release, and ordered the forfeiture of several items of plaintiff's property. On August 7, 2008, the court entered a supplemental preliminary order of forfeiture explaining that on August 1, 2008, the case agent had become aware of a $24,474.80 deposit that Erhard BMW had received from plaintiff as a deposit on a special-order BMW in October and November 2007. The August 7, 2008 order directed, <u>inter alia</u>, that the $24,474.80 deposit be forfeited in accordance with 21 U.S.C. § 853(a) and Fed. R. Crim. P. 32.2(b)(3) and seized by the Attorney General or his designee pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(g).

In his complaint, plaintiff contends that the $24,474.80 deposit, which was the subject of the August 7, 2008 order, was unlawfully forfeited and seized because the superseding grand jury indictment did not include a count that plaintiff forfeit the $24,474.80 deposit and there was no seizure warrant requested or issued by the court to seize those funds. Plaintiff seeks the return of the $24,474.80 deposit.

II.

Evaluating the Complaint Under 28 U.S.C. § 1915A

Plaintiff is presently incarcerated at Federal Correctional Institution-Marianna. Because plaintiff is a prisoner seeking redress from government officials, his complaint is subject to preliminary screening under 28 U.S.C. § 1915A, regardless of whether he is proceeding in forma pauperis. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A(b) provides for sua sponte dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted. A claim is frivolous if it "lacks an arguable basis in either fact or law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In evaluating whether the complaint states a valid claim for relief, the court construes the allegations of the complaint favorably to the pleader. Warth v. Seldin, 422 U.S. 490, 501 (1975). However, the court does not accept conclusory allegations or unwarranted deductions of fact as true, and a plaintiff must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994).

Having now considered plaintiff's complaint, the court concludes that it should be dismissed under the provisions of 28 U.S.C. § 1915A.

III.

<u>Analysis</u>

Rule 32.2(a) of the Federal Rules of Criminal Procedure provides that "[a] court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute." Fed. R. Crim. P. 32.2(a). However, "[t]he indictment or information need not identify the property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks." <u>Id.</u> Further, "the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered." Fed. R. Crim. P. 32.2(e).

The superseding indictment in plaintiff's criminal case stated that in accordance with 21 U.S.C. § 853, upon conviction of Count One of the indictment, plaintiff was to forfeit

> any property constituting, or derived from proceeds obtained, directly or indirectly, by the said defendants, as a result of the said violation and any of their property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of the said violation, including <u>but not limited</u> to the following. . . .

Superseding Indictment at 6 (emphasis added). The indictment

4

then listed several items of property subject to forfeiture. Thus, the superseding indictment clearly gave notice of the government's intent to seek the forfeiture of property in accordance with 21 U.S.C. § 853 as a part of plaintiff's sentence. The fact that the $24,474.80 deposit was not specifically identified in the indictment is of no consequence, especially since such property was not discovered until several months later. Further, the court properly entered a supplemental preliminary order of forfeiture on August 7, 2008, after the discovery of the deposit, in accordance with Rule 32.2(e). Therefore, the forfeiture of the $24,474.80 deposit was proper under 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure.

Likewise, seizure of the $24,474.80 deposit was also proper. Plaintiff argues that seizure of those funds was unlawful because there was no seizure warrant requested or issued by the court. However, 21 U.S.C. § 853(f) provides only that "[t]he Government <u>may</u> request the issuance of a warrant authorizing the seizure of property subject to forfeiture under this section in the same manner as provided for a search warrant." 21 U.S.C. § 853(f) (emphasis added). The statute does not <u>require</u> the request or issuance of such warrant. Further, the supplemental preliminary order of forfeiture issued in plaintiff's case rightfully invoked the provisions of 21 U.S.C. §

5

853(g) in ordering the Attorney General or his designee to seize the $24,474.80. See 21 U.S.C. § 853(g) ("Upon entry of an order of forfeiture under this section, the court shall authorize the Attorney General to seize all property ordered forfeited upon such terms and conditions as the court shall deem proper."). Therefore, the seizure of plaintiff's funds was proper despite the lack of a seizure warrant.

Thus, plaintiff has stated no claim upon which relief may be granted, and his complaint must be dismissed.

## IV.

### Order

Therefore,

The court ORDERS that the complaint filed by plaintiff, Lawrence Alan Haberman, against defendant, United States of America, be, and is hereby, dismissed with prejudice pursuant to the authority of 28 U.S.C. § 1915A(b).

SIGNED February 24, 2014.

_____
JOHN McBRYDE
United States District Judge